# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TAMMY ACKLES, | : | Case No. 3:14-cv-00249 |
| | : | |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| NANCY A. BERRRYHILL, | : | |
| Commissioner Of The Social | : | |
| Security Administration, | : | |
| | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATIONS[1]

In December 2016, Plaintiff's counsel filed a Motion for Allowance of Attorney Fees (Doc. #16), seeking an Order granting attorney fees to him under 42 U.S.C. § 406(b)(1). The case is presently before the Court upon a Motion to Withdraw and Resubmission of a Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #22), the Commissioner's Response (Doc. #23), a Reply filed by Plaintiff's counsel (Doc. #24), and the record as a whole.

Before this case began, Plaintiff and her counsel entered into a written contingency-fee agreement. The agreement documented Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due Social Security benefits payable to her. The agreement also documented counsel's willingness to work

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

on a contingency-fee basis. This resulted in counsel's acceptance of the risk he would recover zero attorney fees in the event Plaintiff received no past-due benefits. *See* Doc. #22, *PageID* #1307.

As this case proceeded, Plaintiff established that a remand for further proceedings was warranted, and Judgment was entered accordingly. (Doc. #s 12, 13, 14). The Government has withheld $31,869.90 from the benefits payable to Plaintiff for the purpose of paying her attorney fees. (Doc. #22, *PageID* #s 1300, 1310). In addition, the Government has withheld $128.95 from benefits payable to one of Plaintiff's dependent children; it withheld $5,871.05 from benefits payable to another dependent child. *Id.* at 1315; Doc. # 23, *PageID* #1366, n. 1. These amounts were withheld from benefits payable to each child. The total amount of withheld benefits equaled $37,869.90. (Doc. #22, *PageID* #1324).

Relying on 42 U.S.C. § 406(b), Plaintiff's counsel presently seeks approval of an award of attorney fees in the amount of $17,025.00. Payment of such fees would come from the funds the Government withheld from the benefits payable to Plaintiff and her dependent children. The attorney-fee award Plaintiff's counsel seeks, if granted, would result in an award based on a hypothetical hourly rate of $750.00 ($17,025.00 ÷ 22.7 hours = $750.00). The Commissioner cites cases in which Judges of this Court reached differing conclusions about the amount of attorney fees that constitute a windfall. (Doc. #23, *PageID* #s 1368-70 and nn.4, 5). The Commissioner also cites two cases from the Northern District of Ohio. *See id.* at 1368, n.4. These differing conclusions lead the

Commissioner to ask this court to "determine an appropriate fee for counsel's services." *Id*. at 1372.

Section 406(b) authorizes this Court to award attorney's fees when a plaintiff brings a successful challenge to the Social Security Administration's denial of his or her application for benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). The award may not exceed 25% of the past-due benefits that the plaintiff received as a result of the successful challenge. *See id*.; *see also* 42 U.S.C. § 406(b)(1). To succeed under § 406(b), the plaintiff's counsel must show, and the court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *see Lasley v. Comm'r of Soc. Sec*., 771 F.3d 308, 309 (6th Cir. 2014). Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht,* 535 U.S. at 807.

To determine whether an award under § 406(b) is reasonable, a floor/ceiling approach guides the way. The ceiling is § 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with § 406(b)'s 25%-cap." *Lasley*, 771 F.3d at 309. The floor is "[the] hypothetical rate that is twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs*., 923 F.2d 418, 422 (6th Cir. 1991). "'[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable ...'" *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421).

3

Within the range set by this floor and this ceiling, "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'" *Lasley*, 771 F.2d at 309 (quoting *Hayes,* 923 F.2d at 421). Courts may consider arguments attacking the rebuttable presumption of reasonableness that attaches to awards above the double-the-standard-rate floor and below the 25% statutory ceiling. *Id*. at 309.

"Reasonableness" remains the heart of the matter. And, care must be taken to consider the presumption a rebuttable—not a strict—presumption of reasonableness. *Lasley*, 771 F.2d at 309 (noting, "*Gisbrecht* ... elides strict presumptions altogether."). Reducing a sought-after award is warranted to avoid windfalls especially "'[i]f the benefits are large in comparison to the amount of time counsel spent on the case ....'" *Id*. at 310 (quoting *Gisbrecht*, 535 U.S. at 808).

The award Plaintiff's counsel requests, $17,025.00, is reasonable and not a windfall. The amount of attorney fees Plaintiff counsel's seeks is far less than 25% (or, $37,869.90) of the total benefits withheld from the benefits payable to Plaintiff and her dependents. *See* Doc. #23, *PageID* #1366.

The parties correctly calculate that Plaintiff's counsel proposes a hypothetical hourly rate of approximately $750. Viewing this as the product of the applicable multiplier of 2, *see Hayes*, 923 F.2d at 422, translates to an hourly rate of $375.00. Although this results in a greater attorney-fee award than amounts awarded in some cases in this District, *e.g.*, *Pencil v. Astrue*, 2012 WL 4364273, at *2 (S.D. Ohio Sept. 24, 2012), it is reasonably near the amount of attorney-fee awards in other, more recent, within-District cases. *E.g, Havens v. Comm'r of Soc. Sec.*, No. 2:12-CV-0637, 2014 WL

4

5308595, at *2 (S.D. Ohio Oct. 16, 2014) (Kemp, MJ), *report and recommendation adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014). In addition, Plaintiff's counsel in the present case, like counsel in *Havens*, 2014 WL 5308595, at *2, achieved excellent results for Plaintiff and her two dependent children. Not only did he obtain awards of past-due benefits to Plaintiff and her two dependent children, he secured a monthly award of $2,000.00 to Plaintiff. Such a favorable result was far from certain when counsel agreed to represent Plaintiff on a contingency-fee basis. At that time, Plaintiff's counsel accepted the risk that he might not receive any compensation for the work he performed on Plaintiff's behalf. Plaintiff, moreover, agreed to compensate her counsel on a contingency-fee basis, with the fee amount set at 25% of the back-due benefits awarded. (Doc. #22, *PageID* #1307). Counsel also worked efficiently on Plaintiff's case, as reflected by the 22.70 hours of work he performed, which involved (in part) review of a lengthy—nearly 1,110 pages worth of—administrative record. *See Havens*, 2014 WL 5308595, at *2 (noting that "counsel achieved an excellent result for the Plaintiff ... [and] handled the matter efficiently" and that "Plaintiff agreed to the contingent fee."). As a result, the hypothetical $750 hourly rate does not constitute a windfall to Plaintiff's counsel in this case.

Accordingly, the hypothetical hourly rate requested by Plaintiff's counsel is reasonable and will not result in a windfall.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #22) be GRANTED, and the Commissioner be directed to pay

Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $17,025.00;

2. Plaintiff's counsel be ordered to refund directly to Plaintiff the $4,000.00 previously awarded him under the Equal Access to Justice Act (Doc. #23, *PageID* #1367); and

3. The case remain terminated on the docket of this Court.

May 5, 2017                                   *s/Sharon L. Ovington*
                                              Sharon L. Ovington
                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).